UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-05834 MMM (MRWx) | Date | November 15, 2013 |

| | |
|---|---|
| Title | *Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis International Distribution, LLC et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Second Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft ("Tele Munchen"), a German limited liability company headquartered in Munich, Germany, filed this action in Los Angeles Superior Court on March 8, 2013 against Echo Bridge Entertainment, LLC ("Echo") and Alliance Atlantis International Distribution ("Alliance"), a wholly owned subsidiary of Echo (collectively "defendants") for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair business practices and an accounting.[1] Tele Munchen filed a first amended complaint ("FAC"), alleging the same four causes of action, on July 10, 2013.[2] The complaint asserts that the parties entered into various Advance Agreements, under which defendants agreed to pay Tele Munchen certain amounts, and pleads that defendants have failed to pay these amounts.[3] On August 12, 2013,

---

[1]Notice of Removal ("Removal"), Docket No. 1 (August 12, 2013), Exh. B (Complaint).

[2]*Id.*, Exh. B (First Amended Complaint ("FAC")). Exhibit B to defendants' notice of removal is Tele Munchen's original complaint, defendants' demurrer, and plaintiffs' first amended complaint. (See *id.*).

[3]FAC, ¶ 19.

defendants removed the action to federal court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.

On October 4, 2013, the court issued an order to show cause why the case should not be remanded to state court because it found that defendants had not met their burden of showing that the court had diversity jurisdiction case under § 1332.[4] Defendants responded to the order on October 11, 2013.[5] Although defendants' response satisfies the court that the amount in controversy requirement is met and that defendants are citizens of Massachusetts, New York, and Illinois, defendants have not satisfied the court concerning the citizenship of Tele Munchen. It therefore once again directs them to show cause why the case should not be remanded.

## II.  DISCUSSION

### A.  Legal Standard Governing Removal Jurisdiction

A suit filed in state court may be removed to federal court if the court would have had original subject matter jurisdiction to hear the action had it been filed there. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, all doubts as to the removability of an action must be resolved in favor of remand. *Id.* at 566-67 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### B.  Whether this Case Was Properly Removed under 28 U.S.C. § 1332

Defendants contend that the court has diversity jurisdiction to hear the action under 28 U.S.C. § 1332.[6] "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have

---

[4]Order to Show Cause, Docket No. 14 (Oct. 4, 2013).

[5]Response to the Court's Order to Show Cause ("Response"), Docket No. 19 (Oct. 11, 2013).

[6]Removal, ¶ 10.

jurisdiction only where there is complete diversity: plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

### 1. Amount in Controversy

The court first examines whether the amount in controversy exceeds $75,000. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). Where, by contrast, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard." *Guglielmino*, 506 F.3d at 699. Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

The first amended complaint cites provisions of one of the Advance Agreements between the parties, pursuant to which defendants agreed to pay to Tele Munchen fifty percent of Canadian license fees acknowledged to be worth $40,000 and, *inter alia*, German, Austrian, and Swiss license fees acknowledged to be worth $250,000, plus interest.[7] The complaint states that defendants "failed to pay [Tele Munchen] the amount due under the Advance Agreements,"[8] and that they "underreport[ed] and underpa[id]" Tele Munchen.[9] Based on these allegations, it is unclear how much of the amount defendants owed plaintiff they failed to pay. As a consequence, it is not facially apparent from the complaint that the amount in controversy exceeds $75,000.

Because Tele Munchen's state court complaint is ambiguous as to the amount in controversy, defendants must prove by a preponderance of the evidence that the jurisdictional threshold is satisfied. "If the complaint does not specify a damages amount, the court can look at facts in the complaint and require the parties to submit evidence relevant to the amount in controversy." *Faulkner v. Astro-Med,*

---

[7]FAC, ¶ 27.

[8]*Id.*, ¶ 30.

[9]*Id.*, ¶ 34.

*Inc.*, No. C 99–2562 SI, 1999 WL 820198, * 2 (N.D. Cal. Oct. 4, 1999) (citing *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)). A defendant must submit "summary-judgment-type evidence" to establish that the actual amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). The court determined that defendants had not adequately shown in their notice of removal that the amount in controversy exceeds $75,000.

In response to the court's order to show cause, defendants cited copies of the contracts that form the basis of Tele Munchen's claims, which they filed in support of their motion to dismiss the action on October 9, 2013.[10] The adjusted gross receipts for the motion pictures listed in Tele Munchen's complaint total millions of dollars.[11] Under the contracts, Tele Munchen was to be receive 48-50% of this amount.[12] As a result of this evidence, the court is now satisfied that defendants have shown the amount in controversy exceeds $75,000.

### 2. Complete Diversity

Both Tele Munchen and defendants are limited liability companies. The Ninth Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits that treats LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

As respects defendants, the complaint alleges that both Alliance and Echo are Delaware limited liability companies with offices in California and that Echo acquired a 100% ownership interest in Alliance.[13] The complaint also alleges that Alliance is the successor in interest to Atlantis Releasing B.V. ("Atlantis"), a Dutch limited liability company that was the original party to the Advance

---

[10]Declaration of Tom Hammond in Support of Defendants' Response to Order to Show Cause ("Hammond Decl."), Docket No. 19-1 (Oct. 11, 2013), ¶ 4; Declaration of Tom Hammond in Support of Defendants' Motion to Dismiss ("Hammond MTD Decl."), Docket No. 15-2 (Oct. 9, 2013), Exhs. A-F (Advance Agreements).

[11]*Id.*, ¶ 3.

[12]Id., ¶ 3; Hammond MTD Decl., Exhs A-F (Advance Agreements).

[13]FAC, ¶¶ 2, 4-5

Agreements.[14] The notice of removal cites the complaint and restates its allegations concerning the citizenship of Alliance and Echo.[15] Because neither the complaint nor the notice of removal provided information about the citizenship of the owners and members of Echo, the party that has apparently acquired 100% ownership of both Atlantis and Alliance, the court was unable to determine defendants' citizenship. In support of their response to the court's order to show cause, defendants submitted the declaration of Tom Hammond, Alliance's Chief Financial Officer, who states that "[t]o the best of [his] knowledge, the ownership of [Echo] is held by citizens of Massachusetts, New York, and Illinois."[16] This response satisfies the court concerning the citizenship of defendants.

Tele Munchen's complaint and defendants' notice of removal both allege that Tele Munchen is a limited liability company formed under the laws of the Republic of Germany, with its principal place of business in Munich, Germany.[17] As a limited liability company, Tele Munchen's principal place of business is irrelevant for purposes of diversity jurisdiction. Rather, Tele Munchen is a citizen of the state, or foreign country, of which its owners or members are citizens. See *Machason v. Diamond Financial LLC*, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004) (finding that a foreign LLC's citizenship for diversity purposes is that of its members); *Hunley v. Glencore Ltd., Inc.*, No. 3:10–cv–455, 2012 WL 1071271, *9-10 (E.D. Tenn. Mar. 29, 2012) (directing plaintiff to amend the complaint to state the membership of a foreign LLC defendant so the court could determine its citizenship for jurisdictional purposes). As the court noted in its order to show cause, neither the complaint nor the notice of removal alleges the citizenship of Tele Munchen's owners or members. The court therefore could not determine Tele Munchen's citizenship.

Defendants' response to the court's order to show cause states that defendants "are unaware [of] the citizenship of Tele Munchen's members," but that, "to the best of Defendants['] knowledge[,] members of Tele Munchen reside in the Republic of Germany."[18] These statements do not suffice to demonstrate that Tele Munchen's members are German citizens. Defendants have not adduced no summary-judgment type evidence, such as a sworn declaration identifying the members of Tele Munchen and their citizenship, which confirms that Tele Munchen's members are German citizens. Nor can the court say, based on the statements in defendants' response, that defendants have affirmatively alleged that Tele Munchen's members are German citizens. For that reason, the court once again orders defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction. See *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F.Supp.1996, 1198 (N.D. Cal. 1998) ("Because the 'removal statutes are strictly construed against removal,'. . .

---

[14]*Id.*, ¶ 3.

[15]Removal, ¶ 10.

[16]Hammond Decl., ¶ 6.

[17]*Id.*, ¶ 1; Removal, ¶ 10.

[18]Response at 4-5.

doubts about removal must be resolved in favor of remand.").

### III.  CONCLUSION

For the reasons stated, the court concludes defendants have not shown that the complete diversity requirement of § 1332 is met.  The court therefore orders defendants to show cause on or before **November 25, 2013**, why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  Should defendants fail to respond by this date, the court will remand the action forthwith.  Plaintiff may file a response to defendants' pleading on or before **December 2, 2013.**  This will be defendants' last chance to demonstrate that the court has subject matter jurisdiction.  Should defendants fail to satisfy the court that jurisdiction exists, the court will remand the case to state court.